UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
Civil Action No. 1:22-cv-00126-LLK

**KIMBERLY R.**                                                                                                    **PLAINTIFF**

**v.**

**KILOLO KIJAKAZI, Acting Commissioner of Social Security**                              **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefit. Plaintiff's fact/law summary is at Doc. 13, and the Commissioner's response in opposition is at Doc. 15. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [Doc. 9].

Plaintiff argues that the Administrative Law Judge's (ALJ's) residual functional capacity (RFC) finding is not supported by substantial evidence and does not comport with applicable legal standards for two reasons. [Doc. 13]. First, Plaintiff argues that the ALJ misapplied principles of administrative res judicata. *Id.* Second, Plaintiff argues that the ALJ did not properly consider the limiting effects of her pain and other subjective symptoms. *Id.*

Because Plaintiff's first argument is persuasive, the Court will REMAND this matter to the Commissioner for a new decision.

### The ALJ's decision

On May 19, 2021, the ALJ issued the Commissioner's final decision. [Administrative Record, Doc. 8 at 19-32]. The ALJ found that Plaintiff has not been under a disability as defined in the Social Security Act from June 15, 2014, when she alleges that she became disabled, through May 19, 2021, when the ALJ issued her decision. *Id.* at 22, 32.

1

The ALJ's decision was based on the five-step sequential evaluation process, which applies in all Social Security disability cases.

First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 15, 2014, when she alleges that she became disabled. *Id.* at 22.

Second, the ALJ found that Plaintiff has the following severe, or vocationally significant, impairments: degenerative disc disease, osteoarthritis, carpal tunnel, and personality and impulse control disorders. *Id.*

Third, the ALJ found that Plaintiff does not have an impairment that satisfies the medical criteria of any impairment listed in Appendix 1 of the regulations. *Id.* at 24.

As in any case that proceeds beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC), which is defined as the "most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ found that, notwithstanding her physical impairments, Plaintiff can:

> … perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) … [can do] occasional climbing of ramps and stairs, no climbing of ladders, ropes, or scaffolding, occasional stooping, kneeling, crouching, and crawling, avoid overhead work, frequent handling and fingering bilaterally, avoidance of concentrated exposure to vibration and hazards like unprotected heights and dangerous moving machinery.

*Id.* at 26.  The ALJ found that, notwithstanding her mental impairments, Plaintiff can:

> … perform simple routine tasks, can have occasional interaction with coworkers, supervisors, and the general public, and would do best in an object type focused work with little to no change day to day.

*Id.*

Fourth, the ALJ found that Plaintiff is unable to perform any past relevant work. *Id.* at 31.

Fifth, the ALJ found that Plaintiff is able to perform a significant number of unskilled, light jobs in the national economy such as small production assembler, sub-assembler, and price marker. *Id.* at 32.

**The ALJ misapplied principles of administrative res judicata.**

Plaintiff filed a prior application for benefits, which the prior ALJ denied in November 2018. [Doc. 8 at 77-88]. The prior and present ALJs both acknowledged that Plaintiff suffers from severe, or vocationally significant, carpal tunnel syndrome (CTS). *Id.* at 22, 80. However, whereas the prior ALJ found that Plaintiff's CTS limits her to "only occasional[] use [of] hands to perform fine manipulation," the present ALJ found that, notwithstanding her CTS, Plaintiff can engage in "frequent handling and fingering bilaterally." *Id.* at 26, 81. The parties agree that the present ALJ's RFC finding is less limiting than the prior ALJ's RFC finding.

In support, the present ALJ found that:

[T]he treatment records related to the claimant's carpal tunnel syndrome show the claimant has not undergone any diagnostic studies related to this condition since 2016 (Exhibit B43F). The treatment the claimant has received has been extremely limited and conservative, with no evidence the claimant has been seen or evaluated by an orthopedic provider or hand specialist. Treatment records do not document hand weakness on physical examination. The undersigned finds evidence of record as a whole supports restricting the claimant to frequent use of the hands for handling and fingering bilaterally instead of the more restricting occasional limitation on such activities from the 2018 administrative law judge decision (Exhibit B1A).

*Id.* at 29.

Similarly, in *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997), the prior ALJ found that Drummond's degenerative disc disease limited Drummond to light work, but the subsequent ALJ found that it allowed her to perform medium work. *Drummond* resulted in a judicial payment of disability benefits because Drummond was entitled to an ultimate finding of disability as of her fiftieth birthday pursuant to direct application of the so-called medical-vocational rules.

*Drummond* rejected the notion that ALJs have "unfettered discretion to reexamine issues previously determined absent new and additional evidence" of medical improvement. *Id.* at 842. "Absent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ." *Id.* The burden is on the Commissioner to prove changed circumstances. *Id.* at 843.

In the present case, the ALJ identified no evidence that Plaintiff's CTS had improved to the point that she is now being able to engage in "frequent handling and fingering bilaterally." [Doc. 8 at 26]. On

3

the contrary, the ALJ identified only a **lack** of evidence of evaluation by an "orthopedic provider or hand specialist" and a **lack** of "diagnostic studies related to this [CTS] condition since 2016" and since the prior ALJ's decision in November 2018. But CTS does not improve by avoiding hand specialists and diagnostic studies. In effect, the ALJ shifted the burden to Plaintiff to re-establish the limitations the prior ALJ had already accepted. In so doing, the ALJ misapplied principles of administrative res judicata.

### *Earley* is distinguishable.

Federal courts are called upon to review applications of administrative res judicata by ALJs in two factually distinguishable situations.

In the first and more common situation, the plaintiff is arguing that the ALJ erred in adopting the prior ALJ's RFC finding. That was the situation in *Earley v. Comm'r*, 893 F.3d 929 (6th Cir. 2018). Res judicata does not "prevent the agency from giving a fresh look to a new application containing new evidence." *Id.* at 931. But "fresh review is not "blind review." *Id.* at 934. Where the evidence in connection with both applications is essentially the same, the plaintiff should be forewarned that what is "past likely will be precedent." *Id.* at 934-35.

The second and rarer situation is where the plaintiff is arguing that the ALJ erred in **not** adopting the prior ALJ's RFC finding. That was the situation in *Drummond v. Comm'r*, 126 F.3d 837 (6th Cir. 1997) and in the present case. Just as there was no evidence that Drummond's degenerative disc disease improved to the point that she was able to perform medium work, there is no evidence that Plaintiff's CTS improved to the point of being able to engage in "frequent handling and fingering bilaterally." [Doc. 8 at 26].

This result cannot be avoided by simply showing that the ALJ took a "fresh look" at the evidence as contemplated by *Earley*. *Earley* is distinguishable.

### Plaintiff's second argument is unpersuasive.

As indicated at the outset of this Opinion, in determining Plaintiff's RFC, the ALJ considered the effect of res judicata and the limiting effects of Plaintiff's pain and other subjective symptoms. This Opinion has already concluded that the ALJ misapplied principles of administrative res judicata.

As to the limiting effects of Plaintiff's pain and other subjective symptoms, the standards are codified at 20 C.F.R. § 404.1529, and the ALJ's application of those standards begins at page 8 of 14 of her decision. [Doc. 8 at 26]. "An ALJ's [pain] credibility assessment must be accorded great weight and deference." *Shepard v. Comm'r*, 705 F. App'x 435, 442 (6th Cir. 2017). Where the ALJ's evaluation of the medical opinions is supported by substantial evidence, "an [ALJ's pain] credibility findings are virtually unchallengeable absent compelling reasons." *Id.* Plaintiff's second argument is unpersuasive because there is no indication that the ALJ's evaluation of the medical opinions is unsupported.

Nevertheless, because this matter is being remanded to the Commissioner for reconsideration of Plaintiff's RFC, there no reason apparent why, upon remand, the ALJ could/should not also reconsider the limiting effects of Plaintiff's pain and other subjective symptoms.

**Order**

Because the ALJ misapplied principles of administrative res judicata, this matter is hereby REMANDED to the Commissioner for a new decision and any further proceedings deemed necessary and appropriate by the Commissioner.

March 31, 2023

Lanny King, Magistrate Judge
United States District Court